UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KOJAK CARTER and JONAS BELIZAIRE,

                                      Plaintiffs,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, P.O.
"JOHN" ALMANZAR, P.O. "JOHN" SANTOS, P.O.
"JOHN" DELGADO, SGT. "JOHN" CASTILLO, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

**COMPLAINT**

07 Civ. 11598 (LAK)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------X

       Plaintiffs KOJAK CARTER and JONAS BELIZAIRE, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff KOJAK CARTER also asserts supplemental state law tort claims.

## JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KOJAK CARTER is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff JONAS BELIZAIRE is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-5 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. Defendant NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES ("DHS") was and is an independent mayoral agency.

12. Defendant DHS maintains a Police Department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the individually named defendants P.O. "JOHN" ALMANZAR, P.O. "JOHN" SANTOS, P.O. "JOHN" DELGADO, SGT. "JOHN" CASTILLO, and P.O.s JOHN and JANE DOE #6-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

17. On October 27, 2006, at approximately 5:00 p.m., plaintiffs KOJAK CARTER and JONAS BELIZAIRE were lawfully present in front of the HELP Supportive Employment Center, 1 Wards Island, in the County, City and State of New York.

18. At aforesaid time and place, plaintiffs were suddenly accosted by members of the New York City Police Department and/or members of the New York City Department of Homeless Services police force.

19. Defendants took plaintiffs into custody, despite defendants' knowledge that they lacked probable cause to do so, and forced them to get into a van.

20. Defendants transported plaintiffs to the Keener Building on Wards Island.

21. At the Keener Building, defendants forcibly strip-searched plaintiff KOJAK CARTER.

22. Plaintiffs were held and detained in police custody for approximately one hour before being released without being charged.

23. On October 27, 2006, at approximately 7:30 p.m., plaintiff JONAS BELIZAIRE was again lawfully present in front of the HELP Supportive Employment Center.

24. At aforesaid time and place, plaintiff JONAS BELIZAIRE was again suddenly accosted by defendants.

25. Defendants again took plaintiff JONAS BELIZAIRE into custody, despite defendants' knowledge that they lacked probable cause to do so, and forced him to get into a van.

26. Defendants again transported plaintiff JONAS BELIZAIRE to the Keener Building.

27. At the Keener Building, defendants forcibly strip-searched plaintiff JONAS BELIZAIRE.

28. At the Keener Building, defendants forcibly interrogated plaintiff JONAS BELIZAIRE.

29. Defendants stole cash and Metrocards from plaintiff JONAS BELIZAIRE.

30. Defendants drove plaintiff JONAS BELIZAIRE to an unknown location in the Hunts Point section of the Bronx.

31. Defendants kicked plaintiff JONAS BELIZAIRE and sprayed him in the face with a chemical agent.

32. Defendants abandoned plaintiff JONAS BELIZAIRE with no cash, no Metrocard, and no way to get back to Wards Island.

33. As a result of the foregoing, plaintiffs KOJAK CARTER and JONAS BELIZAIRE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York, the New York City Police Department, and DHS, all under the supervision of ranking officers of said departments.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

45. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983: PERSON

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants strip-searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

48. As a result of the foregoing, plaintiffs were subjected to illegal and improper strip searches.

49. The foregoing unlawful strip search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place plaintiffs under arrest.

52. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to plaintiff without excuse or justification.

### SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Each and every individual defendant had an affirmative duty to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights.

56. The individual defendants failed to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

57. As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional rights were violated, they were arrested, and they were subjected to excessive force and sustained physical injuries.

## SEVENTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and DHS included, but were not limited to, violating the constitutional rights of homeless individuals and unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband.

61. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **<u>Corey Avent v. City of New York</u>,** United States District Court, Eastern District of New York, 04 CV 2451;

- **<u>Reginald McMillan v. City of New York</u>,** United States District Court, Eastern District of New York, 04 CV 3990;

- **<u>Michael A. Smith v. City of New York</u>,** United States District Court, Eastern District of New York, 04 CV 1045;

- **<u>James Edward Jones v. City of New York</u>,** United States District Court, Southern District of New York, 06 Civ. 2302 (WHP);

- **<u>Heyward Dotson v. City of New York</u>,** United States District Court, Southern District of New York, 03 Civ. 2136.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of

New York, the New York City Police Department, and DHS constituted deliberate indifference to plaintiffs' safety, well-being and constitutional rights.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and DHS were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and DHS were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and DHS, plaintiffs were unlawfully arrested, incarcerated, and assaulted.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    Not to have excessive force imposed upon them;

    D.    To be free from unlawful search;

    E.    To be free from malicious abuse of process;

    F.    Not to have cruel and unusual punishment imposed upon them; and

    G.    To receive equal protection under the law.

68. As a result of the foregoing, plaintiffs are each entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. On or about December 26, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

71. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

73. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74. Plaintiff has complied with all conditions precedent to maintaining the instant action.

75. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendant police officers arrested plaintiff KOJAK CARTER in the absence of probable cause and without a warrant.

78. As a result of the aforesaid conduct by defendants, plaintiff KOJAK CARTER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined and incarcerated by the defendants.

79. The aforesaid actions by the defendants constituted a deprivation of plaintiff KOJAK CARTER's rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. As a result of the foregoing, plaintiff KOJAK CARTER was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

82. Plaintiff KOJAK CARTER was conscious of said confinement and did not consent to same.

83. The confinement of plaintiff KOJAK CARTER was without probable cause and was not otherwise privileged.

84. As a result of the aforementioned conduct, plaintiff KOJAK CARTER has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants' aforementioned actions placed plaintiff KOJAK CARTER in

apprehension of imminent harmful and offensive bodily contact.

87. As a result of defendants' conduct, plaintiff KOJAK CARTER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

89. Defendant police officers touched plaintiff KOJAK CARTER in a harmful and offensive manner.

90. Defendant police officers did so without privilege or consent from plaintiff KOJAK CARTER.

91. As a result of defendants' conduct, plaintiff KOJAK CARTER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### UNLAWFUL SEARCH

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants strip-searched plaintiff KOJAK CARTER in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband

94. As a result of this unlawful strip search, plaintiff KOJAK CARTER's right to privacy was violated and he sustained emotional injuries.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendant police officers issued legal process to place plaintiff KOJAK CARTER under arrest.

97. Defendant police officers arrested plaintiff KOJAK CARTER to obtain a collateral objective outside the legitimate ends of the legal process.

98. Defendant police officers acted with intent to do harm to plaintiff KOJAK CARTER, without excuse or justification.

99. As a result of the aforementioned conduct, plaintiff KOJAK CARTER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

103. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

104. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff KOJAK CARTER.

105. As a result of the aforementioned conduct, plaintiff KOJAK CARTER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

106. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KOJAK CARTER.

108. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. "JOHN" ALMANZAR, P.O. "JOHN" SANTOS, P.O. "JOHN" DELGADO, SGT. "JOHN" CASTILLO, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

109. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

110. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff KOJAK CARTER.

111. As a result of the foregoing, plaintiff KOJAK CARTER is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiffs KOJAK CARTER and JONAS BELIZAIRE each demand judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and

disbursements of this action.

Dated:     New York, New York
           December 26, 2007

                                                                                                                                /s
                                            ROSE M. WEBER (RW 0515)
                                            225 Broadway, Suite 1608
                                            New York, NY 10007
                                            (212) 748-3355