UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KOJAK CARTER and JONAS BELIZAIRE,

                              Plaintiffs,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, P.O.
"JOHN" ALMANZAR, P.O. "JOHN" SANTOS, P.O.
"JOHN" DELGADO, SGT. "JOHN" CASTILLO, and
P.O.s JOHN and JANE DOE, #1-10, Individually and in
their official capacities, (the names John and Jane Doe
being factitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 11598 (LAK)

**JURY TRIAL DEMANDED**

        Defendants City of New York, New York City Department of Homeless Services, and Omar Santos, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport that venue is proper.

5.   Deny the allegations set forth in paragraph "5" of the complaint, except admits that plaintiffs purport to demand a trial by jury.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York maintains a Police Department.

10.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.  Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York maintains a Department of Homeless Services ("DHS").

12.  Deny the allegations set forth in paragraph "12" of the complaint, except admit that DHS maintains a police department and respectfully refer the Court to the applicable sections of the New York State Criminal Procedure Law for an accurate statement of its functions.

13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that Omar Santos is and was employed by the Department of Homeless Services.

14.  Paragraph "14" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

15. Paragraph "15" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

16. Paragraph "16" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit plaintiff was taken to the Keener Building.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "33", inclusive of its answer, as is fully set forth herein.

35. Paragraph "35" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Paragraph "37" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

38. Paragraph "38" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "39" inclusive of its answer, as is fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "42" inclusive of its answer, as is fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "45" inclusive of its answer, as is fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "49" inclusive of its answer, as is fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeats and re-allege the responses set forth in paragraphs "1" through "53" inclusive of its answer, as is fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "57" inclusive of its answer, as is fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, and all subparts thereto.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "68" inclusive of its answer, as is fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about December 26, 2006.

71. Deny the allegations set forth in paragraph "71" of the complaint, except admit that the matter has not been settled.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint, except admits that, upon information and belief, an action bearing docket number 07CV11598 was filed in the Clerk's Office of the Southern District of New York on or about December 27, 2007.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint and respectfully refer the Court to C.P.L.R. § 1602 for an accurate account of its contents.

76. In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "75" inclusive of its answer, as is fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "79" inclusive of its answer, as is fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "84" inclusive of its answer, as is fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "87" inclusive of its answer, as is fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. In response to the allegations set forth in paragraph "92" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "91" inclusive of its answer, as is fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "94" inclusive of its answer, as is fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "99" inclusive of its answer, as is fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Paragraph "102" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations

103. Paragraph "103" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "105" inclusive of its answer, as is fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. In response to the allegations set forth in paragraph "109" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" though "108" inclusive of its answer, as is fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

112. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

113. Defendants City of New York, New York City Department of Homeless Services, and Omar Santos have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.


### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

114. Defendant Omar Santos did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FORTH AFFIRMATIVE DEFENSE:

115. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by the intervening conduct of 3rd parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

116. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

117. Plaintiffs may have failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

118. This action may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

119. Plaintiffs may have failed to satisfy the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

120. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, the City of New York is entitled to governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

121.  There was probable cause for the plaintiffs' arrests and detentions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

122.  Plaintiffs cannot obtain punitive damages as against the City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

123.  At all times relevant to the acts alleged by plaintiffs, defendant Omar Santos acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendants City of New York, New York City Department of Homeless Services, and Omar Santos request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 28, 2008

>
> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants City of New York, New
> York City Department of Homeless Services and
> Omar Santos
> 100 Church Street, Room 3-196
> New York, New York 10007
> (212) 788-9567
>
> By: _____
>        Suzette Corinne Rivera
>        Assistant Corporation Counsel

CC:  Rose Weber, Esq.
     225 Broadway, Suite 1608
     New York, New York  10007 (by E.C.F.)

- 12 -